IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MICHAEL WAYNE BRISCOE,

    Plaintiff,

v.

W.A. CHESTER, L.L.C.,

    Defendant.

Case No.: GJH-17-1675

## MEMORANDUM OPINION

Plaintiff Michael Wayne Briscoe alleges that his employer, Defendant W.A. Chester, L.L.C. ("Defendant"), failed to promote him, and subsequently demoted him, on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and Md. Code Ann., State Gov't § 20-601 *et seq.* ("Maryland Human Relations Act"). Now pending before the Court is Defendant's Partial Motion to Dismiss. ECF No. 12. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion is granted.

### I. BACKGROUND[1]

Plaintiff, an African American male, began working for Defendant on March 16, 2005 as a Journeyman Lineman.[2] *Id.* ¶ 9. On or about March 11, 2007, Plaintiff was promoted to Foreman, working under the direct supervision of Robert L. Ezzell Jr., who was the General

---

[1] The facts are taken from the Complaint and assumed to be true.
[2] "A Journeyman Lineman's job includes connecting electricity to new homes and existing homes that storm or heavy rain have damaged or cut off their power supply." ECF No. 1 ¶ 9. A Journeyman Lineman is supervised by a Foreman. *Id.*

1

Foreman for Northern Prince George's County, Maryland (or the "Yard").[3] *Id.* ¶ 12. When Ezzell was out, Plaintiff was "asked to deputize for Mr. Ezzell as General Foreman" and, when doing so, was paid the commensurate hourly rate for a General Foreman. *Id.* ¶ 13. On August 18, 2018, Ezzell was transferred to another job and ceased to be the General Foreman. *Id.* ¶ 22. Thereafter, until February 11, 2015, Plaintiff performed the duties of General Foreman but was not paid the commensurate hourly rate. *Id.*

On several occasions, Plaintiff complained to Defendant and requested to be paid as a General Foreman, but his requests were denied. *Id.* The position of General Foreman can only be filled by appointment from the General Manager, Don Cherba, and is never posted as a general vacancy. As such, Plaintiff was unable to formally apply for the position. *Id.* ¶ 17. Sometime in June of 2013, at an Annual Quarterly Meeting, Plaintiff learned that Emory Kelly, a Caucasian male, would take over as General Foreman of the Yard. *Id.* ¶ 23. However, Kelly "never stepped his foot at the [Yard]" and Plaintiff continued to perform the General Foreman duties without receiving the commensurate pay. *Id.* ¶ 24.

On October 13, 2013, Kelly promoted Brian Goldberg as the second Foreman at the Yard, creating a two-person Foreman position where formerly and customarily, there had been only one Foreman and one General Foreman. *Id.* ¶ 25. Kelly instructed both Plaintiff and Goldberg that they would work independently with separate crews and that each was responsible for their separate crew members. Plaintiff alleges that Defendant created the two-person

---

[3] The Complaint appears to make reference to Briscoe being denied promotions, and other events taking place, at both the Northern Prince George's County yard station, ECF No. 1 ¶¶ 12, 22, 25, and at the Montgomery yard, *id.* ¶¶ 20, 24, 25. It is difficult to decipher whether Briscoe is alleging that he worked at and was denied promotions at both places or if he is conflating the two. Because the Court's ruling herein does not turn on this point, the Court will refer to them collectively as the Yard, without attempting to draw distinctions.

Foreman position because Defendant did not want to elevate Plaintiff to General Foreman even though he was performing the duties of that job. *Id.*[4]

On February 5, 2015, Goldberg got into an altercation with two workers on his crew regarding a safety issue. *Id.* ¶ 33. Plaintiff was not aware of the safety issue and did not supervise the workers involved. *Id.* On February 9, 2015, Cherba, Kelly, and Ed Lavelle from Human Resources came to the Yard to discuss the safety issue. Lavell then demoted Plaintiff back to Journeyman Lineman because Plaintiff was the "senior person" at the Yard and was responsible for reporting the safety issue. *Id.* Plaintiff alleges that Lavell could not explain to him how he was responsible for the safety issue as it occurred when he was not at the Yard and did not involve his own crew. *Id.* ¶ 34. Plaintiff alleges that both this demotion and Defendant's prior refusal to promote him to General Foreman were the result of racial discrimination in violation of Title VII (Count I), 42 U.S.C. § 1981 (Count II), and the Maryland Human Relations Act (Count III).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss based on lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), raises the question of whether the court has the competence or authority to hear and decide a particular case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The court may properly grant a motion to dismiss for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Id.*

---

[4] Plaintiff also references two incidents in April of 2013 and April 4, 2014 whereby 1) Cherba, in response to Plaintiff informing him of a dispute between two crew members, laughed at him and told him to handle the situation any way he wanted and 2) Cherba and Kelly shut down the Yard for two days and forced Plaintiff to work at the Forestville location after Goldberg refused to do so. ECF No. 1 ¶¶ 28–31. However, it is unclear how either event is relevant to Plaintiff's claims herein. Notably, Plaintiff has not asserted a Hostile Work Environment claim under Title VII.

(citing *Crosten v. Kamauf*, 932 F.Supp. 676, 679 (D. Md. 1996)). The court "generally may not rule on the merits of a case without first determining that it has the jurisdiction over the category of claim in suit (subject-matter jurisdiction) . . . ." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). The district court should grant a motion to dismiss under Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal citation omitted).

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," and "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). To survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where the facts alleged in a complaint clearly demonstrate that a claim is time-barred, a Rule 12(b)(6) motion is an appropriate mechanism to address a statute of limitations defense. *See Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's claims relating to his failure to promote in Counts I and II and Count III in its entirety because Plaintiff has either failed to exhaust his

administrative remedies or because his claims fall outside of the statute of limitations. ECF No. 13. The Court will review each Count, and associated statute, in turn.

### A. Title VII – Count I

Before a plaintiff may file suit under Title VII, he is required to file a Charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1). A plaintiff's failure to file a Charge with the EEOC and "exhaust his administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). In his Complaint, Plaintiff alleges that he has exhausted his administrative remedies because he filed a Charge and received a Right to Sue Letter on March 17, 2017. ECF No. 1 ¶ 1. However, because Plaintiff's Charge only references his demotion, he has not exhausted his administrative remedies with respect to his failure to promote claim and, as such, the Court does not have jurisdiction to hear it now. *See Sewell v. Strayer University*, 956 F. Supp. 2d 658, 668 (D. Md. 2013) (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005)) ("[W]here a plaintiff's 'administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [his] formal suit,' there is no subject matter jurisdiction.").

Plaintiff's EEOC Charge alleges that Defendant engaged in a "continuing act" of racial discrimination from April 4, 2014 to April 7, 2015 based on Plaintiff's "demotion and unequal terms and conditions." ECF No. 16-1.[5] As reproduced below, Plaintiff's Charge only suggests that he was treated unfavorably as compared to Goldberg. The Charge makes no mention of

---

[5] Plaintiff provided the Charge as an attachment to his Opposition in Response to Defendant's Motion, ECF No. 16, which the Court will rely on herein. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (noting that the court may consider evidence outside the pleadings when a defendant challenges subject-matter jurisdiction without converting the proceeding to one for summary judgment).

Defendant's failure to promote Plaintiff to General Foreman or Defendant's failure to pay Plaintiff the commensurate hourly rate for performing General Foreman duties. Instead, the Charge reads that:

> I began working for [Defendant] on March 16, 2005, as a Journeyman Lineman. My past position was as a Foreman. I have been subject to unequal terms and conditions such as: On April 4, 2014, I was called by a management official to send a worker down to the Forestville location because they were short one worker. I told them that I could not spare anyone because I was short. The employer shut down the yard in Montgomery County, since I could not spare anyone. The employer closed down the entire yard down for 2 days. Foreman, Brian Goldberg (White) turned the request down also over the phone and nothing was said when he said no. Mr. Goldberg only got a reprimand. Mr. Goldberg went home along with the workers for two days, but I was made to work in Forestville, MD location. On February 5, 2015, Mr. Goldberg got into an altercation with two workers, about a safe issue. I did not know anything about the altercation because I was not there. On February 9, 2015, Ed Lavelle, Human Resources, came down to the job site to talk to the three employees about the altercation. On February 11, 2015, Mr. Lavelle, along with two other management officials, returned to the job site this time to talk with me about the altercation. I was told by Mr. Lavelle, that I was being demoted back to my original position Journeyman Lineman. I immediately asked why but I did not get a reply. Mr. Goldberg got a written reprimand about the altercation.

ECF No. 16-1. While Plaintiff argues that the reference to "unequal terms and conditions" in his Charge encompasses Defendant's failure to promote Plaintiff to General Foreman, ECF No. 16 at 8,[6] the Charge itself is clearly unrelated to such an allegation. As such, the Court does not have subject matter jurisdiction over Plaintiff's failure to promote claim.[7]

### B. 42 U.S.C. § 1981 – Count II

Section 1981 claims are subject to a four year statute of limitations. *See* 28 U.S.C. §1658(a); *see also Jones v. R.R. Donnelley & Sons*, 541 U.S. 369, 383–84 (2004) (applying 28

---

[6] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[7] Even if the Charge encompassed Plaintiff's failure to promote, which occurred in 2008, Plaintiff's EEOC Charge was not filed within 300-days of the alleged discriminatory act as required by Title VII. *See Sewel v. Strayer University*, 956 F. Supp. 2d 658, 671 (dismissing Title VII claims regarding certain discrete acts that were not administratively exhausted within the 300-day period).

6

U.S.C. § 1658 statute of limitations to § 1981 claim). Plaintiff filed his Complaint on June 19, 2017. Therefore, Plaintiff may only bring a claim for actions occurring after June 19, 2013. But Plaintiff's failure to promote claim would have accrued when Defendant first denied Plaintiff's request to be promoted to General Foreman following Ezzell's August 18, 2008 transfer. *See Raynor v. G4S Secure Solutions (USA) Inc.*, 283 F. Supp. 3d 458, 464 (W.D. N.C. 2017) (citing *National Passenger Railroad Corp. v. Morgan*, 536 U.S. 101, 110, 114 (2002) ("A discrete retaliatory or discriminatory act, like termination or failure to promote, occurs 'on the day that it happened.'")); *see also Kramer v Board of Educ. of Balt. Cnty.*, 788 F. Supp. 2d 421, 427 (D. Md. 2011) (holding that discriminatory action accrued when an employer denied an employee's position reclassification request, not when the employee made the request). While Plaintiff does not provide a date for when Defendant first denied his request to be promoted to General Foreman, the Complaint makes clear that Plaintiff's requests were denied before Plaintiff learned that Kelly had been promoted to General Foreman in June of 2013. ECF No. 1 ¶ 22 ("Several times while [Plaintiff] was acting General Foreman, he complained and asked to be paid accordingly, but Defendant[] refused."); *id.* ¶ 23 (alleging that Kelly was appointed to General Foreman but "Defendant would not officially appoint [Plaintiff] as General Foreman" after the position became vacant). Therefore, Plaintiff's failure to promote claim falls outside of the four year statute of limitations and must be dismissed.[8]

Plaintiff argues that his failure to promote claim falls within the statute of limitations under the continuing violation doctrine, which "allows for consideration of incidents that

---

[8] Even if the Court construes Plaintiff's failure to promote claim to have accrued when Plaintiff first became aware of Kelly's appointment, and not when Defendant previously denied Plaintiff's request to be promoted, Plaintiff's Complaint fails to allege that he was made aware of Kelly's appointment *after* June 19, 2013 and his claim is still barred by the statute of limitations. *See Stoyanov v. Mabus*, 126 F. Supp. 3d 531, 549 (D. Md. 2015) (holding that failure to promote claim accrued when plaintiff first learned that another employee had been promoted to the position plaintiff sought).

occurred outside the time bar when those incidents are part of a single, ongoing pattern of discrimination, *i.e.*, when the incidents make up part of a hostile work environment claim." ECF No. 16 at 14 (quoting *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007)). Plaintiff maintains that because he performed the duties of General Foreman from August 2008 through February 2015, Plaintiff's failure to promote was therefore part of a continuing violation not otherwise barred by the statute of limitations. *Id.*

Plaintiff's argument fails for a number of reasons. First, the continuing violation theory that Plaintiff attempts to invoke comes from case law surrounding hostile work environment claims—a claim that Plaintiff has not asserted. Second, the continuing violation theory does not apply to discrete acts of discrimination, such as failure to promote. *See Morgan*, 536 U.S. at 114 ("Discrete acts such as termination, *failure to promote*, denial of transfer, or refusal to hire are easy to identify.") (emphasis added); *Holland*, 487 F.3d at 220 (plaintiff "cannot benefit from the continuing violations theory because he has alleged discrete violations"). Plaintiff essentially argues that each day that Defendant should have, but failed to, promote him to General Foreman perpetuated a continuous violation. But under such an approach, any discrete act of discrimination that is not subsequently corrected by an employer could be turned into a continuous violation, rendering the statute of limitations toothless. *See Holland*, 487 F.3d at 220 (noting that the continuous violation doctrine does not apply to discrete acts of discrimination merely because plaintiff alleges that the act occurred as part of a policy of discrimination). Therefore, Plaintiff's failure to promote claim falls outside of the four year statute of limitations and must be dismissed.

### C. Maryland Human Relations Act – Count III

Finally, under the Maryland Human Relations Act, a plaintiff must file a lawsuit within two years of the alleged discriminatory act. Md. Code Ann., State Gov't § 20-1013(a)(3). Plaintiff's final act of alleged discrimination occurred when he was demoted to Journeyman Lineman on February 9, 2015. The statute of limitations expired two years later, on February 9, 2017, four months before Plaintiff filed his Complaint. Therefore, all claims under Count III must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss, ECF No. 12, shall be granted. A separate Order follows.

Dated: May 15, 2018

/s/
GEORGE J. HAZEL
United States District Judge