# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| MICHAEL WAYNE BRISCOE, | * |
| Plaintiff, | * |
| v. | Case No.: GJH-17-1675 |
| | * |
| W.A. CHESTER, LLC, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Michael Briscoe filed a Complaint on June 19, 2017, alleging that his employer, Defendant W.A. Chester, LLC, discriminated against him on the basis of race over the course of nearly eight years.[1] Defendant filed a Motion to Dismiss for Failure to State a Claim on October 24, 2017, which was granted in part and denied in part by the Court on May 15, 2018. On July 30, 2018, Plaintiff filed a motion for leave to file an Amended Complaint to add hostile work environment claims under Title VII and 42 U.S.C. § 1981. ECF No. 27. Defendant opposed this motion. ECF No. 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Leave to Amend is denied.

## I.    BACKGROUND

Plaintiff, a black man, has been employed as a Journeyman Lineman at W.A. Chester since March 16, 2005. ECF No. 27-1 ¶ 9. On March 11, 2007, he was promoted to Foreman. *Id*. ¶ 12. As part of his job duties, he was required to monitor safety conditions on the jobsite and report to the General Foreman. *Id*. ¶¶ 10. He also deputized for Robert L. Ezzell, Jr., the General

---

[1] The facts relied on herein are either undisputed or viewed in the light most favorable to the Plaintiff. Unless otherwise stated, the background facts are taken from Plaintiff's proposed Amended Complaint, ECF No. 27, and are presumed to be true.

1

Foreman, when Mr. Ezzell was unavailable. *Id*. ¶ 13. When he served as General Foreman, he was paid accordingly. *Id*.

On August 18, 2008, Mr. Ezzell was transferred to another job and ceased to be the General Foreman. *Id*. ¶ 22. From that date until February 11, 2015, Plaintiff worked as the General Foreman, but was never paid as such. *Id*. at ¶ 22. On several occasions, Plaintiff made requests to be paid as a General Foreman, but these requests were denied. *Id*. In June 2013, Plaintiff learned that a white male would be hired as the General Foreman. *Id*. ¶ 23. The position was never posted as a general vacancy, so Plaintiff had no opportunity to formally apply for the position. *Id*. ¶ 17. Nevertheless, Plaintiff continued to perform the duties required of a General Foreman without being paid as such. *Id.* ¶ 24. Plaintiff alleges that this failure to promote him, as well as a subsequent demotion on February 9, 2015, was motivated by racial discrimination in violation of Title VII and 32 U.S.C. § 1981.

On May 15, the Court granted a Partial Motion to Dismiss. ECF No. 21. In its opinion, the Court held that it would not hear Plaintiff's failure-to-promote claim for two reasons. First, Plaintiff did not include any reference to the lack of promotion in his Charge of discrimination filed with the Equal Employment Opportunity Commission; thus, Plaintiff failed to exhaust his administrative remedies, which robs the Court of jurisdiction. ECF No. 20 at 5.[2] Second, the failure to promote occurred in 2008, outside of the statute of limitations both for Title VII and § 1981 claims. *Id*. at 6-7. On July 30, Plaintiff filed a motion for leave to amend his complaint, seeking to add hostile work environment claims under both Title VII and § 1981. ECF No. 27-1 ¶¶ 54-61. Defendant opposes the motion for leave to amend, contending it is unduly delayed and futile. ECF No. 28 at 1.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the exhibit and page numbers generated by that system.

## II. STANDARD OF REVIEW

Though leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a motion for leave to amend should be denied when the amendment would be futile. *Devil's Advocate, LLC v. Zurich Amer. Ins. Co.*, 666 F. App'x 256, 267. An amendment to a complaint is futile when the amended complaint could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.*

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

## III. DISCUSSION

A racially hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 276 (4th Cir. 2015) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65-67 (1986)). To establish a hostile work environment claim under either Title VII or 42 U.S.C. § 1981, the plaintiff "must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Id.* at 277.

The third element of this inquiry requires "'looking at all the circumstances,' which 'may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)). A discrete discriminatory act is distinguishable from the "repeated conduct" typically characteristic of a hostile work environment claim. *Id.* For an "isolated incident of harassment" to amount to "discriminatory changes in the terms and conditions of employment," the incident must be "extremely serious." *Id.* For example, in *Boyer-Liberto*, the Fourth Circuit held that the singular use of the racial epithet "porch monkey" was sufficient to establish a racially hostile work environment. *Id.* at 280.

Here, Plaintiff offers only his racially motivated underpayment and his demotion as evidence of a hostile work environment. The Court has already determined that Plaintiff's allegations of racial discrimination rooted in the failure to promote him in June 2013 are outside

4

of the statute of limitations for both Title VII and § 1981, and that, in any case, these allegations were not made in Plaintiff's EEOC Charge, meaning he did not exhaust his administrative remedies before bringing this claim. ECF No. 20 at 6-8.

Plaintiff now attempts to re-characterize Defendant's failure to promote as a matter of pay discrimination, but these allegations still were not made in Plaintiff's EEOC Charge, so the Court cannot take jurisdiction over them. *See* ECF No. 20 at 6. Therefore, in evaluating Plaintiff's hostile work environment claim, Plaintiff's demotion stands alone and it is insufficient to support such a claim. Plaintiff makes no other allegations of serious racial epithets, repeated harassment, or any other behavior that could be considered severe or pervasive enough to create an abusive work environment. Additionally, Plaintiff's allegation that his demotion was motivated by racial discrimination already forms the basis of Counts I and II of the original Complaint. Further amendment of the Complaint would be futile.

## IV. CONCLUSION

Plaintiff's Motion for Leave to Amend his Complaint, ECF No. 27, is denied. A separate Order shall issue.

Date: <u>November 20, 2018</u>　　　　　　　　　　　　　<u>　　　　　/s/　　　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge